UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| JACK D. KEMPER, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANDREU, PALMA & ANDREU, PL,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT - - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**NATURE OF ACTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the Federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt

1

collection practices than about any other issue."[1]  In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

4. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. §1692g(a).  A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt."  *Id.*, §1692g(a).

5. Pertinent here, the validation notice must advise the consumer of his rights to dispute the debt *in writing* if the consumer wants the debt collector to "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer.  *Id*., §1692g(a)(4).

6. If the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mail the consumer a copy of that verification.  *Id*., §1692g(b).

7. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 9-10 (2014) ("CFPB 2014 Report"), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. This case centers on the failure of Andreu, Palma & Andreu, PL ("Defendant") to properly provide the disclosures required by 15 U.S.C. §1692g in its initial written communications to consumers, or within five days thereafter.

## PARTIES

9. Jack D. Kemper ("Mr. Kemper" or "Plaintiff") is a natural person who resides in Marion County, Indiana.

10. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card issued by Bank of America, N.A. (the "Debt").

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Defendant is a professional corporation with its corporate headquarters in Miami, Florida.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

15. At all relevant times, Defendant acted on behalf of, and as an agent of, Bank of America, N.A.

16. Bank of America, N.A. hired Defendant to collect the Debt from Plaintiff.

17. At the time Bank of America, N.A. hired Defendant to collect the alleged Debt from Plaintiff, the alleged Debt was in default.

18. Indeed, at the time that Bank of America, N.A. hired Defendant to collect the alleged Debt, the alleged Debt, upon information and belief, had already been charged off by Bank of America, N.A.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

21. This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

22. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District, and where Defendant has its headquarters and transacts business in this District.

## FACTUAL ALLEGATIONS

23. On or about January 7, 2015, Defendant sent a written communication to Mr. Kemper in connection with the collection of the debt allegedly owed by him. A true and correct copy of the January 7, 2015 communication to Mr. Kemper is attached hereto as **Exhibit A**.

24. The January 7, 2015 communication was the first communication Mr. Kemper received from Defendant.

25. Mr. Kemper did not receive any additional communications from Defendant within five days of the January 7, 2015 communication.

26. The January 7, 2015 communication to Mr. Kemper stated that Defendant "has been retained by Bank of America, N.A., successor-in-interest to FIA Card Services (the "Bank"), in connection with the above-referenced account. Please be advised that the Bank intends to invoke its right to file a lawsuit against you." *See* Ex. A.

27. The January 7, 2015 communication then stated:

> If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you. Upon your written request within the same thirty (30) day period mentioned above, we will provide you with the name and address of the original creditor, if different from the current creditor.

Ex. A.

28. Defendant's January 7, 2015 communication also stated:

> This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Ex. A.

29. Defendant's January 7, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need mail verification of the debt, or a copy of the judgment, if any, to him only if he notified Defendant *in writing* that he disputed the debt.

30. That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing. By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

31. Defendant's January 7, 2015 communication implies to the least-sophisticated consumer that there is one standard if the consumer wants to obtain the name and address of the original creditor within the thirty-day time period—send a writing—and a different standard if

the consumer wants to obtain verification of the debt or a copy of any judgment—call to dispute the debt or send a writing disputing the debt.

32. Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that orally disputing a debt would trigger Defendant's obligation to obtain and send verification of the debt. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

33. Moreover, failing to dispute the debt in writing would cause a consumer to waive the important protections afforded by 15 U.S.C. §1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt.

34. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates §1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.")

35.     Upon information and good-faith belief, Defendant's January 7, 2015 communication is based on a form template used by Defendant to collect consumer debts in default on behalf of Bank of America, N.A.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of:

> (a) All persons with an address within the United States, (b) to whom Andreu, Palma & Andreu, PL mailed an initial debt collection communication that stated: "If you notify this firm within thirty (30) days after your receipt of this letter, that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment, if any, and mail a copy of such verification or judgment to you," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

37.     The proposed Class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed Class can be identified in business records maintained by Defendant.

38.     The proposed Class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claim is typical of the claims of the members of the Class. To be sure, the claims of Plaintiff and all of the members of the Class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Class.

7

39. Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class that he seeks to represent.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

41. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

   a) Defendant's violations of the FDCPA as alleged herein;
   b) Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. §1692g;
   c) the existence of Defendant's identical conduct particular to the matters at issue;
   d) the availability of statutory penalties; and
   e) the availability of attorneys' fees and costs.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692g(a)(4)**

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 42.

44. 15 U.S.C. §1692g provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(emphasis added).

45.     Defendant's January 7, 2015 communication was its initial communication to Mr. Kemper.

46.     The January 7, 2015 communication was in connection with an attempt to collect the Debt from Plaintiff.

47.     At the time Defendant acquired the Debt for collection, it was considered to be in default.

48. The January 7, 2015 communication did not contain the proper disclosures required by 15 U.S.C. §1692g, nor did Defendant provide such disclosures within five days thereafter.

49. Specifically, the January 7, 2015 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt to him, and a copy of any judgment, if he notified Defendant *in writing* that he disputed the debt.

50. As a result, Defendant violated 15 U.S.C. §1692g(a)(4).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §1692g(a)(4);

C. Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

D. Enjoining Defendant from future violations of 15 U.S.C. §1692g(a)(4) with respect to Plaintiff and the Class;

E. Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

DATED: March 30, 2015                     Respectfully submitted,


                                          */s/ Jesse S. Johnson*
                                          James L. Davidson
                                          Florida Bar No.: 723371
                                          Jesse S. Johnson
                                          Florida Bar No.: 0069154
                                          Greenwald Davidson Radbil PLLC
                                          5550 Glades Road, Suite 500
                                          Boca Raton, FL 33431
                                          Tel: (561) 826-5477
                                          Fax: (561) 961-5684
                                          jdavidson@gdrlawfirm.com
                                          jjohnson@gdrlawfirm.com

                                          Counsel for Plaintiff and the proposed Class